UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY EUGENE SEARLES,

        Petitioner,

v.                                                      CASE NO. 08-11703
                                                       HONORABLE VICTORIA A. ROBERTS

LLOYD W. RAPELJE,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES
## COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Petitioner Harvey Eugene Searles has filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254. He alleges that he was convicted of a sex offense in 1993. His sole claim reads:

> Defendant's admission that he was aware and did nothing to stop the sex acts involved in the instant case were involuntary and inadmissible at trial, as the product of lack of a knowing, voluntary and intelligent waiver of his right against self-incrimination and to counsel.

A review of this District's records reveals that Petitioner challenged a conviction for first-degree criminal sexual conduct in a habeas corpus petition filed in 2006. United States District Judge Paul D. Borman summarily dismissed that habeas petition with prejudice because the claims were unexhausted, without merit or not cognizable on habeas review, and also barred by the statute of limitations. *See In re Searles*, No. 2:06cv11873 (E.D. Mich. July 12, 2006).

Before a second or successive application for habeas corpus relief is filed in the district court, the applicant must move in the appropriate court of appeals for an order

authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). When a petitioner files a second or successive petition for habeas corpus relief in the district court without § 2244(b)(3) authorization from the court of appeals, the district court must transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631. *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).[1]

Petitioner has not shown that he sought, and was granted, leave to file a second or successive habeas petition. Accordingly, the Clerk of Court is **ORDERED** to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 8, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on May 8, 2008.

s/Carol A. Pinegar
Deputy Clerk

---

[1] Section 1631 provides in pertinent part:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.